and we'll move to the second case uh this morning that's uh Looper v. Cook Incorporated Thank you your honor. Thank you your honor. Mr. Holmes. All right we're ready for case number two uh Mr. Siegel you may proceed. Thank you very much Judge Caney. May it please the court I'm Charles Siegel. I'm a member of the plaintiff steering committee in the MDL constituted in the southern district of Indiana to address claims arising out of injuries sustained by people who use the Cook IVC filter products. The appeal concerns two plaintiffs excuse me who had their cases dismissed on statute of limitations grounds because the MDL applied the Indiana statute of limitations not the statute of limitations of the places where they were from and sustained their injuries and have their IVC filters implanted. The reason they file the reason this happened uh the reason for the judge's ruling was that these plaintiffs used a commonly implemented expedient in MDL cases called a direct filing procedure that was part of this case. It was embodied in two case management orders or referred to in two case management orders that are in the appendix to our brief that contemplated direct did and I'll simply use the looper case as an example because the the bulk of the briefing occurred in the loop. We're familiar with the facts. Let me ask you if I could about an alternative set of facts and my question would be in essence whether the plaintiff steering committee could also be held to judicial estoppel under your theory. It is let's suppose that the plaintiffs Graham and Salas Orr had won on their argument to use Indiana's shorter statute of limitations as opposed to the longer statute of limitations and that you had plaintiffs arguing we want the benefit of the Indiana statute of limitations. Would that be binding or would it be fair to estop other plaintiffs who would be caught by applying that rule? Uh your honor I haven't contemplated I'm sorry I haven't contemplated that question. Uh I think it's really important in managing an MDL right if we're going to start applying judicial estoppel within the MDL right. That's a fair point your honor and I I think the answer from the plaintiff steering committee standpoint would be no and and I think that uh I I think that I I don't dispute uh the point made in the appellee's brief that each individual uh plaintiff's case in an MDL does not lose its individual characteristics and the fact that they made that mistake in one case wouldn't necessarily bar them from raising it but the fact is that the way the estoppel contention has worked out in this case it is Cook right now at least in these two cases on appeal that is having it both ways. I understand that my question is whether if we think that judicial estoppel should apply or is available here whether that should also apply to plaintiffs and uh within an MDL where you get that kind of of general legal issue or are plaintiffs entitled to argue heads we win tails you lose the way Cook has in this case? No I don't think that would be fair. Why not? I don't think that that if a plaintiff's steering committee staked out a position on a legal issue uh they would be bound by that. They would be bound by that. They would be? Yes they would yeah and and of course your honor our our primary contention are we certainly make the estoppel argument and we don't and and we we stand on that argument our primary contention of course is that Dobbs is what supplies the governing rule here regardless of the of the way it works in any individual case. And Mr. Siegel you're are you arguing that direct filing applies here because in essence although there wasn't a formal court order on it the parties had agreed to it and the court had incorporated it orally even though there wasn't a formal order you're in other words you're not arguing that anytime there's an MDL you're allowed to directly file are you? No I don't I don't I don't I don't take that position. Okay so it has to come from the court and as I understand your argument it's based on the party's agreed filings in the court's adoption of those that their direct filing was the short order form and that was one of the main purposes of the short order form. Exactly your honor and and and there what it is true there was never a separate piece of paper entitled direct filing order but there were case management orders two of them that contemplated such a filing and the the parties were obviously proceeding under this understanding that this common expedient would be used because of course Cook said there was such a procedure going on when it moved for summary judgment in two cases. It seemed like the court was proceeding under that that's right as well even though a formal order hadn't been written entered. That's right that's right your honor and so that that proceed once that understanding between the parties was in What did you have in the looper case? Why you had plaintiff loopers lawyers sitting with a case in South Carolina that was going to be timely under the South Carolina three-year statute of limitations but they simply used the the established direct filing procedure in the case to skip the administrative steps of filing in South Carolina having the case be tagged to the MDL panel having the case be transferred to Indiana. Mr. Siegel what yes what about plaintiff Lambert whose timing is a little bit different certainly the short order form had been in place but the and Ms. Looper filed her suit at the end of December I believe but certainly but months before the court made a definitive ruling on June 13th 2019 the district court said there's no direct filing order here and it was about 10 9 10 days later that Ms. Lambert used the short order form and is trying to now say that there was direct filing for her as well she seems differently situated to me than Ms. Looper and how do we address that well we did not make the estoppel argument for Ms. Lambert because she filed unfortunately for her nine or ten days after that period recognized by the court expired and and so what Ms. Lambert has to rely on is the simple rule of dogs that when everyone is using a direct filing procedure and when you designate the originating state the point of which is obviously to say where the but wouldn't that Mr. Siegel wouldn't that come back to my first question doesn't that argument kind of suggest that anytime there's an MDL it's okay to have direct filing because Ms. Lambert here filed after the court said there's no direct filing so I don't know if you're trying to say she didn't have notice of that or her lawyer didn't have notice of that or if that would even matter but how can she rely on dobs if the district court said there's no direct filing order in place here before she filed because it's our contention your honor that the district court erred in requiring the existence of of what uh cook council stated called in in oral argument on the motion and express explicit direct filing order and I think I'm in on this discussion a little bit with Judge St. Eve and you Mr. Siegel I I would have thought the relevant time is not when not what the state of affairs was at the time she filed her lawsuit but the state of affairs in the MDL at the time the two-year Indiana statute of limitations would have expired on her because if she reacts to the to the May decision with a June filing to get in as soon as she can that's fine maybe it's too late maybe it's not but but we really need to be looking back at the time that two-year statute time would have expired your honor I I will uh I don't have that date I don't have her the the triggering statute of limitations date from Ms. Lambert readily at hand I'll try to find that um but but our but our contention is that yes in June of 2019 shortly before she filed Judge Young said there is no direct filing order in this case and our contention is there didn't need to be that separate piece of paper what there was was an understanding between the parties embodied in the case management orders embodied in the agreed upon short but didn't his order say something more than that I mean I didn't understand his order is saying there's no formal direct filing I understood him as saying as of that point there's no direct filing which Judge Hamilton answered what I was what I was asking you about and I would appreciate if you would comment on Judge Hamilton's I'm sorry about the relevant go ahead you know I don't I don't want to interrupt the court um what Judge Young said was there is no I believe he said there is no direct filing order in this case Judge Young never said that there wasn't a procedure being followed and of course ever since that day the to file directly into the MDL there's no there's no question is there a direct filing order in place now no there is no there is no additional the the piece of paper that cook would require has never been entered that's not necessary under dogs cook's point though as I understand it is going to need one because venues proper in southern indiana with or without such an order that is that is their position and we say that's a distinction without a difference that doesn't matter to the Dobbs analysis into the Van Dusen analysis okay I'd like to reserve my three minutes for rebuttal if I can if the court doesn't have any other questions thank you Mr. Siegel Mr. Paul may it please the court this case boils down to a question of judicial authority did the district court have authority to deviate from the choice of law rules of a proper venue and treat these cases as if they were filed in plaintiffs home districts such that their home state choice of law rules would apply and the answer is no the supreme court's decision in Claxon required the district court to apply indiana's choice of law rules but doesn't this come down to a district court's authority to manage MDLs which they're massive cases usually with thousands and thousands of docket entries and they're given to a court and consolidated before an MDL judge in order to manage and try to bring efficiencies to the discovery process and direct filing is one of those efficiencies that courts often bring to MDLs they do have broad authority to manage MDLs but as the opiate litigation case from the sixth circuit that we cite says and makes the point MDLs are not a same background principles of law as courts in any other case sure the opioid case says that that the same civil rules of a procedure apply but nothing there's nothing in that opinion or any other MDL opinion that says courts hands are tied in terms of managing the MDL and a direct filing order is one such way to manage rather than going through the inefficient process of having a plaintiff file in South Carolina pay the fee there have to go through the motion to transfer get it transferred to the district have it go to a different district court judge and then have it consolidated before the MDL judge that can take months sometimes and be expensive and inefficient of course a an MDL court has the authority to enter a direct filing order but it never did in this case that's number one number two the Supreme Court's decision in lexicon teaches that efficiency is not a reason to ignore the letter of the law and the letter of the law in this case is supplied by Claxton MDL courts are as I understand it your position on this is that even if there had been an explicit direct filing order unless cook agreed expressly that then the uh the statute of limitations choice of law would not be changed is that right that's precisely correct because the southern district of indiana is a proper venue and therefore you look to Claxton to determine the correct choice of law rules so um can I ask you two questions relevant to the district judge's comments on judicial estoppel um one did the district judge tell us somewhere what he thought were the unique circumstances of the case that led him to deny that and if he did not can you tell us what you think they were I do not think that he necessarily articulated what he thought the unique circumstances were uh and I would be speculating uh I can only guess that he believed the unique circumstances were the fact that he believed the parties were proceeding on the basis that there was a direct filing order but even if that were true as you point out that changes nothing because of the southern district of indiana is a proper venue and you have to have a separate choice of law agreement to alter but he also obviously the other circumstances are the position that uh that cook took um in the graham and sallis orcas uh but but that your honor may respond to that that could not possibly have misled the two plaintiffs here because looper filed her suit before the district court ever relied on the defendant's mistaken statements and lambert filed her case after the district court had made clear there was no direct filing order well the question there for lambert is when the time expired not with the time she filed her but we've said um that in terms of judicial estoppel reliance is not necessary it's something that the court invokes in essence to protect the integrity of its processes that's absolutely correct and the court has also said that a mistake is not an occasion to apply estoppel the consequence it's not I mean that's not a hard and fast rule is it well that's what the new hampshire case indicates and and remember the consequences of applying estoppel in this case you would be saying that we are a stop from applying the correct choice of law rules in literally thousands of cases based on a mistake made in two cases as part of the mdl the court acknowledged it was a mistake the plaintiff's steering committee acknowledged in open court it was a mistake and the seventh circuit has said a mistake is not an occasion to apply judicial estoppel rather it's a circumstance where you're intentionally misleading the court uh and that is no one can why should why should whether the in as you may recall in new hampshire the court was pretty new hampshire was arguing mistake and the court was pretty darn skeptical about that given the incentives that everybody had uh in that case and found and rejected the idea that it was a mistake but from the point of view of the integrity of the court's processes and fairness to other parties why does it matter whether it was deliberately deceptive to the court or a mistake well that number one the part the plaintiffs are not entitled to rely on our mistakes to make their litigation choices they are charged with knowledge of background law just as we are and the plaintiffs knew in this case from the very beginning of the mdl that the southern district of indiana was a proper venue in fact in their petition to create the mdl they said they could hardly imagine a more appropriate venue than the southern district of indiana and then again in their master complaint they alleged that the southern district of indiana was a proper venue klaxon has been on the book since 1941 so it should have been no surprise what the choice of law consequences would be of filing in this proper venue and yet it managed to fool cook's lawyers right well as the district court noted there are over 10 000 docket entries in this case and new council took over two years into the mdl so it was a mistake but it was made in two cases and whatever consequences there are as a result of the that mistake and there are none by the way reopening of the graham and sallis or cases and and we would welcome that because the result would be identical in the graham case the court applied the kansas statute of limitations which is two years just like indiana statute of limitations and then in the sales or case the question was repose and in that case all roads led to the same statute of repose whether you applied indiana's choice of law rules or the substantial relationship test the bottom line is the mistake had no consequences even for those cases again i want to make the point that there is i i will recognize that the parties were proceeding on a belief an expectation that there would be a direct filing order and that's reflected in the short-form complaints and two of the court's early case management orders but those documents say nothing at all about choice of law and in fact as the plaintiffs themselves point out many direct filing orders do not call for deviating from the default choice rules and in fact the direct filing order entered in the dobbs case is a good example it says filing has no effect on the governing choice of law rule so here not only is there no direct filing order there is no direct filing order reflecting an agreement to deviate from the default choice of law rules which are supplied by klaxon and again klaxon has been on the books since 1941 and and so it should have been no surprise what the choice of law consequences would be a filing in indiana here moreover plaintiff cannot just pick her preferred choice of law rules in a complaint be it a short-form complaint or otherwise indeed watson one of the cases this court relied on in dobbs says exactly that so even if you construed their short-form allegations as indicating a preference for another set of choice of law rules those allegations change nothing and then the final point isn't this an agreement by cook the the short order form that was submitted was after a status hearing with the court and the parties agreed to and stipulated to the this use of this short form direct filing which talks about where venue would have been proper absent the direct filing why isn't that at least an implicit agreement from cook to deviate from the venue in indiana it is at most an implicit agreement to allow for direct filing the but again as plaintiffs themselves point out direct filing orders often do not address choice of law and in fact what they usually say is direct filing does not change the governing choice of law rules you can look high and low in this record and you will see no agreement implicit or otherwise as to the governing choice of law rules that means the default rules have to apply the the even if you thought federal courts had authority to determine choice of law based not on supreme court precedent but by weighing all of the facts and circumstances the district court here which was closest to the facts and circumstances already decided that these particular plaintiffs are not entitled to rely on their home choice of law rules and that determination should get deference as to obviously your your position is that either the ms loopers and uh ms lambert's filings would have been timely if they had filed in uh in south carolina and mississippi right correct so if we affirm here how would you have us explain to them why that is a just result my affirmance is a just result here it's a just result number one because they knew from the very beginning of the mdl that the southern district of indiana was a proper venue that has reflected in their petition to create the mdl and in their master complaint number two clackson has been on the book since 1941 you put those two things together and the choice of law consequences of filing in a proper venue were no surprise to the plaintiffs that is why it is a just result yet they were a surprise to everybody else before that okay well the the the other thing i would say related to that is the reason they chose to file in the southern district of indiana as opposed to their home districts is irrelevant that is the lesson of the supreme court's decision in fairness and then how do you get around dobs dobs is fully consistent with our position that case was filed in an ohio mdl pursuant to a direct filing order which doesn't exist here the case otherwise had zero connection to ohio in other words venue wasn't proper although there was no specific finding as to venue that is the necessary consequence of the court's conclusion that quote the only contact with ohio was the venue of the mdl then what should we make up the mdl courts transfer back pursuant to 1404a when it transferred it back to the transfer or court suggesting that venue was proper in the mdl transfer that could not that could not have been true in that case because as the court just got it wrong when they transferred it pursuant to 1404a yes it was wrong and and and it was wrong because as the court said the only contact with ohio was the existence of the mdl for 1404 to apply you have to transfer from a proper venue to another proper venue and venue simply wasn't proper and as right miller point out whether a transfer purports to to be based on 1404 or 1406 if it's going from an improper venue as in dobs to a proper venue it is as a matter of fact and necessarily as a matter of law pursuant to 1406 and in fact if you look at the direct filing order in dobs it says direct filing does not constitute a determination that venue is proper so if you put all of those things together whether the court thought it was doing so or not it was transferring the case to illinois the proper venue pursuant to 1406 and so it only made sense to apply the proper venues choice of law thank you unless the court has any unless the court any further questions i would respectfully ask the court to affirm thank you thank you seagull we can't hear you we can't here we go sorry about that um i i want to pick up on judge hamilton's question there there frankly is no way to explain to these plaintiffs the reason that they were gotcha um everyone knows what was going on in this case everyone knows the reason that these plaintiffs filed in indiana directly it was just as judge saini said for reasons of administrative convenience or efficiency both to the parties and to the overall judicial system the case had to touch fewer courts the case went straight into the mdl parties were proceeding under that understanding as was the judge now the now council has insisted that well these you know the lawyers knew that knew about klaxon because flaxon has been on the books since 1941 but but so has dobs not since 1941 but dobs your opinion judge canny is was on the books for nearly a year when looper was filed and close to three years when lambert was filed and what does dob said dobs cites klaxon dobs is not inconsistent with klaxon dobs cites klaxon the the evil to be avoided the evil such as in the sixth circuit case that book relies on excuse me the the wall case the plaintiff might pick the mdl an obviously improper venue to get a limitations benefit or some other substantive law benefit that he or she would not get in the originating state but here the gotcha works in reverse here the plaintiffs simply used the administrative expedience proceed procedure and relied on dobs and naturally thought well i've got a timely case under the south carolina statute i designated south carolina as my originating state as the parties seem to be doing in this case and there's two case management orders that talk about direct filing huh what's the what's the direct filing rule in this circuit i see there's a case called dobs that is what it would be inconsistent with klaxon to not reverse this case and also with van duzen the direct filing procedure is simply what what would happen van duzen is what would happen in the absence of a direct filing procedure unless the court has any further questions i would respectfully ask the court to reverse the determination below thank you thank you mr siegel thanks to both counsel and the case will be taken under